[No. F008222. Fifth Dist. Sept. 24, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
IVAN BERT BOUNDS, Defendant and Appellant.

**COUNSEL**

Paul R. Irish, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\***—Defendant appeals his conviction by plea of one count of lewd and lascivious conduct with a child under the age of fourteen years in violation of Penal Code[1] section 288, subdivision (a). He contends the trial court erred by refusing to permit him to withdraw his plea of guilty when he was not afforded a full and complete diagnostic evaluation and report pursuant to section 1203.03 as required by his conditional plea. We remand with directions.

### FACTUAL AND PROCEDURAL HISTORY

Defendant was charged by information with two counts of violating section 288, subdivision (a). He entered a plea of guilty to COUNT TWO involving his step-granddaughter whom defendant admitted sexually molesting on numerous occasions when she was between three and twelve years of age. Defendant's plea of guilty was conditional upon dismissal of COUNT ONE, his receiving a maximum sentence of eight years in state prison, and "I will not be committed to prison prior to receiving a PC 1203.03 study." These conditions were agreed to by the prosecution and accepted by the trial court.

On September 2, 1986, defendant was committed to the Department of Corrections (DOC) for a diagnostic study pursuant to section 1203.03. On November 6, 1986, the "DIAGNOSTIC STUDY AND RECOMMENDATION" of the DOC was filed with the trial court recommending that defendant be committed to prison. At a hearing held on November 24, 1986, counsel for defendant informed the trial court that he had supplied the DOC with a "very thick packet of information," including a transcript of the testimony of a psychologist, Dr. M. K. Downing, and a medical report "dealing with the possibility or probability that [defendant] did not have herpes and could not have communicated the herpes to the victim in this case." Counsel further informed the court that this information had not been considered in the preparation of the DOC's section 1203.03 report. The trial court continued the hearing to December 22, 1986, and ordered the DOC to file a supplemental report five days prior to that date.

On December 22, 1986, the supplemental report had not been filed with the trial court. Defense counsel requested that the matter be continued for a

---

\* Before Franson, Acting P. J., Woolpert, J. and Best, J.
[1] All statutory references are to the Penal Code unless otherwise indicated.

reasonable period in order for the court to obtain the supplemental report, or that defendant be allowed to withdraw his plea of guilty. The trial court denied this request and sentenced defendant to prison for the aggravated term of eight years. The court also ordered the DOC to file within 90 days a postsentence evaluation report pursuant to section 1170, subdivision (d).

DISCUSSION

■  Defendant entered a conditional plea to COUNT TWO of the information pursuant to section 1192.5. One condition of the plea was that the trial court would not sentence defendant to prison until the court had received and considered a diagnostic report and recommendation from the DOC made pursuant to section 1203.03. Defendant contends the trial court breached this condition when it sentenced him to prison for the upper term of eight years prior to receiving and considering the supplemental report which the court had ordered filed at least five days before December 22, 1986. The People argue the trial court did, in fact, comply with the plea bargain because the court ordered, read and considered the original section 1203.03 diagnostic study prior to sentencing defendant. We agree with defendant and find the People's argument patently flawed.

The purpose of ordering a section 1203.03 diagnostic study is to obtain the opinions, observations and expertise of the DOC's staff to assist the sentencing court in deciding upon an appropriate disposition or sentencing choice. The reason the trial court ordered the supplemental report to be filed is clear. The DOC had failed to take into consideration the "very thick packet of information" supplied by defense counsel before rendering its original report and recommendation. In continuing the sentencing hearing and ordering a supplemental report, the trial court must have believed consideration of the additional information was necessary for a full and complete evaluation by the DOC personnel charged with the duty of making the evaluation and recommendation. The supplemental report was obviously ordered to see whether that additional information would in any way change the evaluation of defendant as set forth in the original section 1203.03 report and recommendation. When, on December 22, 1986, the trial court refused to continue the sentencing hearing and sentenced defendant to the state prison without benefit of the complete and final evaluation and recommendation of the DOC, defendant was deprived of the benefits of his bargained-for plea of guilty. (See *People* v. *Mancheno* (1982) 32 Cal.3d 855, 859 [187 Cal.Rptr. 441, 654 P.2d 211].)

We reject the suggestion by the trial court, reasserted by the People on this appeal, that the plea bargain was fully met by the postsentence evalu-

ation ordered pursuant to section 1170, subdivision (d). As noted above, the purpose of a section 1203.03 diagnostic study is to provide the sentencing court with expert assistance in determining an appropriate disposition in the first instance. The express purpose of section 1170, subdivision (d), is to give the sentencing court the opportunity to recall and resentence a defendant "so as to eliminate disparity of sentences and to promote uniformity of sentencing."

■ The Attorney General suggests even though the trial court failed to comply with the plea bargain by not obtaining the supplemental report and recommendation, the error was harmless because "To the extent that study did not consider certain additional information, the trial court had before it that information which appellant wanted considered."

In *People* v. *Mancheno, supra,* 32 Cal.3d 855, a plea bargain was violated when the trial court failed to order that a section 1203.03 diagnostc study be done before sentencing the defendant. In answering a similar contention by the Attorney General, the Supreme Court held: "In our view, the harmless error test is inapplicable to a situation involving failure to fulfill the terms of a plea bargain. Defendant's entitlement to the benefit of his bargain cannot be predicated on the assumption that violation of the bargain must result in some measurable detriment. Because a court can only speculate why a defendant would negotiate for a particular term of a bargain, implementation should not be contingent on others' assessment of the value of the term to defendant.

"In addition, this court can only guess what the presentence report would recommend. To conclude that the error was harmless, we would have to assume either that the report would recommend the same or greater sentence as defendant received, or that the judge would have imposed the same sentence despite a recommendation for a lesser sentence." (*Mancheno, supra,* at pp. 865-866.)

The record on appeal in the instant case does not disclose whether the supplemental report by the DOC was ever filed with the trial court as ordered. If so, the trial court is directed to resentence defendant after considering the supplemental report and recommendation. If not, the trial court is directed to order the preparation by the DOC of a new diagnostic study pursuant to section 1203.03 after consideration of all pertinent information, including that previously furnished by counsel for the defendant, and to resentence defendant.

The conviction is affirmed, the judgment is modified to vacate the sentence, and the cause is remanded with directions to determine the appropriate disposition consistent with the views expressed in this opinion.